**JIA YAN WENG, Petitioner,**

v.

**Michael B. MUKASEY, United States Attorney General,[1] Respondent.**

No. 07–3258–ag.

United States Court of Appeals, Second Circuit.

April 7, 2008.

Michael Brown, New York, NY, for Petitioner.

Jeffrey S. Bucholtz, Acting Assistant Attorney General; Greg D. Mack, Senior Litigation Counsel; Kristina R. Sracic, Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, D.C., for Respondent.

PRESENT: Hon. ROGER J. MINER, Hon. CHESTER J. STRAUB, and Hon. ROBERT A. KATZMANN, Circuit Judges.

---

1. Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Michael B. Mukasey is automatically substituted for former Attorney General Alberto R. Gonzales as the respondent in this case.

## SUMMARY ORDER

Jia Yan Weng, a native and citizen of the People's Republic of China, seeks review of a July 3, 2007 order of the BIA, affirming the December 21, 2005 decision of Immigration Judge ("IJ") Barbara A. Nelson, which denied her application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Jia Yan Weng*, No. A98 718 209 (B.I.A. July 3, 2007), *aff'g* No. A98 718 209 (Immig. Ct. N.Y. City Dec. 21, 2005). We assume the parties' familiarity with the underlying facts and procedural history in this case.

When the BIA adopts the decision of the IJ and supplements the IJ's decision, we review the decision of the IJ as supplemented by the BIA. *See Yan Chen v. Gonzales*, 417 F.3d 268, 271 (2d Cir.2005). We review the agency's factual findings under the substantial evidence standard, treating them as "conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B); *see, e.g., Manzur v. U.S. Dep't of Homeland Sec.*, 494 F.3d 281, 289 (2d Cir.2007). However, we will vacate and remand for new findings if the agency's reasoning or its fact-finding process was sufficiently flawed. *Cao He Lin v. U.S. Dep't of Justice*, 428 F.3d 391, 406 (2d Cir.2005); *Tian–Yong Chen v. INS*, 359 F.3d 121, 129 (2d Cir.2004). We review *de novo* questions of law and the application of law to undisputed fact. *See, e.g., Secaida–Rosales v. INS*, 331 F.3d 297, 307 (2d Cir.2003).

When deciding a claim for asylum and related relief, "an IJ must: (1) 'decide explicitly' whether or not the candidate's testimony was credible (without relying exclusively on the lack of corroborating evidence); and, if credible, (2) determine whether additional corroboration is nonetheless necessary for the candidate to meet his or her burden of proof." *Zaman v. Mukasey*, 514 F.3d 233, 237 (2d Cir. 2008) (citing *Diallo v. INS*, 232 F.3d 279, 290 (2d Cir.2000)). We have held that "[v]ague, unclear, and passing statements do not suffice to fulfill the agency's obligation to 'rule explicitly on the credibility of [a petitioner's] testimony,'" *id.* (quoting *Diallo*, 232 F.3d at 287), and that appellate "review is frustrated when it is unclear whether the agency has made an adverse credibility determination," *id.; see also Ivanishvili v. U.S. Dep't of Justice*, 433 F.3d 332, 342 (2d Cir.2006) (finding "it remarkable, not to mention frustrative of judicial review, that the IJ did not in any way analyze or weigh [the applicant's] testimony"). Indeed, the failure to consider the credibility of an applicant's testimony may deny asylum applicants the benefit of the agency's rule that an applicant's burden of proof may be sustained "based on credible testimony alone or, by extension, credible testimony combined with convincing explanations for lack of corroboration." *Diallo*, 232 F.3d at 287.

Here, although the IJ recognized the requirements identified in *Zaman* and *Diallo*, she failed to make an explicit determination as to Weng's credibility. Unlike our determination in *Zaman*, the IJ's and BIA's decisions here do not support a finding that the IJ's analysis "was sufficient to qualify as an 'explicit credibility finding.'" *Zaman*, 514 F.3d at 237. In *Zaman*, we noted that the IJ expressed reasoned doubts about the applicant's credibility and made no other findings to support his decision to deny relief. *Id.* at 237–38. Moreover, we recognized in that case that "while the BIA's order does not explicitly tell us whether the IJ made an adverse credibility determination, neither does it indicate the IJ's decision was anything else." *Id.* at 238. Here, in evaluating Weng's evidence, the IJ failed to evalu-

ate the credibility of Weng's testimony, making only an explicit finding that his corroborating evidence failed to satisfy his burden of proof. Additionally, in adopting and affirming the IJ's decision, the BIA made no mention of a credibility determination, and "agree[d] with the Immigration Judge that the respondent did not provide sufficient corroborating evidence to satisfy the burden of proof." Thus, unlike in *Zaman*, it is clear that the agency rested its denial of relief on its explicit burden of proof finding, and we will not treat the IJ's decision as having made an explicit adverse credibility finding. *Id.*

Having failed to make an explicit adverse credibility finding, the IJ's decision must be construed to have been based on the her finding that Weng's corroborative evidence should be given little weight. Although the weight afforded to evidence "lies largely within the discretion of the IJ," *Xiao Ji Chen v. U.S. Dep't of Justice*, 471 F.3d 315, 342 (2d Cir.2006) (alteration, citation, and internal quotation remarks omitted), the IJ's failure to make an explicit credibility determination here frustrates our review. *See Zaman*, 514 F.3d at 237; *see also Diallo*, 232 F.3d at 290. For example, if the IJ found Weng's testimony not credible based solely on a lack of sufficient corroborating evidence, such a decision might constitute error. *See Diallo*, 232 F.3d at 290 (noting that an applicant's "simple failure to produce any particular documentary support cannot serve as the sole basis of an adverse credibility finding"). On the other hand, if the IJ found Weng's testimony credible, but found that additional corroborating evidence was necessary to satisfy his burden of proof, the

IJ's determination that the documents he submitted were insufficient would amount to a burden of proof finding based on a lack of corroborating evidence. *See id.* at 288–90. As such, the IJ would have been required to explain why it was reasonable to expect additional corroborating evidence and why Weng's explanations for the lack of such additional evidence were insufficient. *Id.* at 290. We cannot find that the IJ did so. For these reasons, the lack of a credibility finding below frustrates this Court's review. Accordingly, we remand the case to the agency in order for it to make an explicit credibility finding.[2] *Id.*

For the foregoing reasons, the petition for review is GRANTED. As we have completed our review, Weng's pending motion for a stay of removal in this petition is DENIED as moot.

---

2. We further note that the agency's past persecution finding appears to have been flawed where the IJ ignored certain incidents of harm described by Weng. *See Gjolaj v. BCIS*, 468 F.3d 140, 143 (2d Cir.2006) (holding "that incidents alleged to constitute persecution ... must be considered cumulatively, and that a series of incidents of mistreatment may together rise to the level of persecution even if each incident taken alone does not") (alterations and internal quotation marks omitted).